**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Court File No.: 01-118
Judges: ADM/AJB

Carletta Jean Webb,

Plaintiff,

vs.

**STIPULATION TO SERVE AMENDED COMPLAINT & ORDER GRANTING LEAVE TO SERVE AMENDED COMPLAINT**

Harold Chevrolet, Inc.

Defendant.

---

**IT IS HEREBY STIPULATED AND AGREED** by the parties, through their undersigned counsel, that Plaintiff may serve and file the amended complaint which is attached hereto upon the Defendant.

Defendant will have twenty (20) days after service of the amended complaint to interpose an answer or otherwise plead. Nothing herein is an admission to any of the allegations contained in the amended complaint.

Dated: 7/6/01

**CONSUMER JUSTICE CENTER, P.A.**

Thomas J. Lyons, Jr. (#249646)
Attorney for Plaintiff
342 East County Road D
Little Canada, MN 55117
(651) 770-9797



FILED JUL 16 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Dated: 7/3/01

**JOHNSON & VAN VLIET, L.L.P.**

Gregory J. Johnson (#202678)
Attorney for Defendant
332 Minnesota Street
First National Bank Building
Suite W-975
St. Paul, MN 55101
(651) 227-2534

**ORDER**

Upon the foregoing Stipulation, Plaintiff is hereby granted leave to serve the amended complaint upon Defendant and Defendant shall have twenty days after service thereof to serve an answer or otherwise plead.

Dated this 13th day of July, 2000.

**BY THE COURT:**

Arthur J. Boylan, Magistrate Judge
United States District Court

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: 01-118 ADM/AJB**

---

Carletta Jean Webb,

Plaintiff,

v.

**AMENDED COMPLAINT WITH JURY TRIAL DEMAND**

Harold Chevrolet, Inc.

Defendant.

---

## INTRODUCTION

1. Plaintiff brings this action for damages to redress the many misrepresentations made by defendant car dealer during the sale and financing of a motor vehicle. This Complaint is filed and these proceedings are instituted under the Truth in Lending Act for both statutory and actual damages, reasonable attorney's fees, and costs because of Defendant's violations of the federal consumer protection statute as more clearly set forth in the reasoning of Polk v. Crown Auto., 221 F.3d 691 (4th Cir. 2000) and Lozada v. Dale Baker Olds, 91 F. Supp. 2d 1087 (W.D. Mich 2000)

## PARTIES

2. The Plaintiff Carletta Jean Webb is a natural person and resident of Hennepin County, State of Minnesota.

3. Defendant Harold Chevrolet, Inc. (hereinafter "Defendant") at all relevant times was a Minnesota business operating as a licensed automobile dealership from the address of 1601 Southtown Drive, Bloomington, Minnesota. That at all times relevant hereto, in the ordinary course of its business, Defendant regularly extended or offered to extend consumer credit for which a finance charge was to be imposed or which, by written agreement, was payable in

more than four installments, making this Defendant a creditor within the meaning of the Truth in Lending Act, 15 U.S.C. § 1602(f) and Regulation Z, 12 C.F.R., § 226.2(a)(17).

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1640(e), 49 U.S.C. § 32710(b), and 28 U.S.C. § 1331. Declaratory relief is requested pursuant to 28 U.S.C. §§2201 and 2202.

## FACTS

5. On or about March 18, 2000, Plaintiff purchased from Defendant a 1999 Suzuki Vitara VIN# JS3TD62VXX4122267 for a purchase price of $22,829.00 (*See* Exhibit 1 – Purchase Agreement).

6. Pursuant to the Retail Installment Sales Contract, Plaintiff agreed to pay $8,117.68 down and accept financing from Defendant for the balance due in the approximate amount of $457.73 per month for 59 months. (*See* Exhibit 2 – Retail Installment Sales Contract).

7. After signing the Buyer's Order, Plaintiff signed a retail installment sale contract and took possession of the vehicle.

8. Pursuant to Defendant's established business practice, Plaintiff did not receive a copy to keep of either the Buyer's Order or the Retail Installment Sales Contract until after Defendant obtained her signature on all the documents, in other words Plaintiff could not use the credit disclosures for the purpose of shopping for other available credit as envisioned by TILA. (See Mourning v. Family Publications Service, Inc., 411 U.S. 356, 364, 365).

9. Pursuant to its standard business practice, Defendant considered the MMVRISA Contract merely to be an estimate of the credit it might provide even though the retail installment sale

contract is unconditional on its face by its express terms and even though it represented to Plaintiff that it was a completed sale.

10. Defendant did not consider the credit disclosures on the MMVRISA retail installment sale contract to be anything but estimates because it intended to unilaterally cancel the contract if it was unable to sell the retail installment sale contract to its assignee American Suzuki Automotive Credit. (*See* Exhibit 3 – a true and correct copy of the Conditional Delivery Agreement.)

11. The retail installment sale contract was a consumer credit sale with Defendant and as such strictly regulated under the Truth in Lending Act, 15 U.S.C. 1602 (e), (g) and (h) and Regulation Z 12 C.F.R. § 226.2 (a)(11),(14) and (16).

**TRIAL BY JURY**

12. Plaintiff is entitled to and hereby requests a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

**CLAIMS FOR RELIEF**

**COUNT I.**

**Violations of the Truth in Lending Act**

13. Defendant violated this Act by failing to deliver any disclosures to Plaintiff in a form she could keep prior to her execution by signature and thus the consummation of the transaction as required by 15 U.S.C. § 1638(b)(1) and Regulation Z, 12 C.F.R. § 226.17(a) and (b).

14. Defendant further violated this Act because it treated the disclosures on the Retail Installment Sales Contract as estimates about the terms of the credit that it might provide Plaintiff, and pursuant to Regulation Z, 12 C.F.R. § 226.17(c)(2), the disclosures should have been marked as estimates.

15. Specifically Defendant violated 15 U.S.C. §1638(a) when it failed to provide the TILA disclosures prior to the extension of credit as required by 15 U.S.C. §1638(b)(1).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court:

a) Assume jurisdiction of this case;

b) Award statutory damages in the amount of twice the finance charge in accordance with the Truth in Lending Act, 15 U.S.C. § 1640(a)(2)(A)(i);

c) Enjoin the Defendant from engaging in prohibited practices;

d) Award actual damages under the Truth in Lending Act;

e) Award Plaintiff her costs and reasonable attorney's fees in accordance with the Truth in Lending Act; and

f) Award such other relief, as the Court deems appropriate.

Dated this ___ day of July, 2001.

**CONSUMER JUSTICE CENTER, P.A.**

By:_______________________________
Thomas J. Lyons, Jr.
Attorney I.D. #: 249646
342 East County Road D
Little Canada, MN 55117
Telephone: (651) 770-9707

**THE BARRY LAW OFFICE, LTD.**
Peter F. Barry
Attorney I.D. #: 0266577
342 East County Road D
Little Canada, MN 55117
Telephone: (651) 714-8800

**THOMAS J. LYONS & ASSOCIATES, P.A.**
Thomas J. Lyons
Attorney I.D. #: 65699
342 East County Road D
Little Canada, MN 55117
Telephone: (651) 770-9707
Attorneys for Plaintiff

JIM LUPIENT'S
# HAROLD CHEVROLET
1601 SOUTHTOWN DRIVE - BLOOMINGTON, MN 55431
PHONE (612) 884-2341

DEAL # 17257

**DEALER'S POLLUTION CONTROL SYSTEM DISCLOSURE (VEHICLE BEING SOLD)**
Transferor (Dealer) hereby certifies, to the best of his/her knowledge, that the pollution control system on this vehicle being sold, including the restricted gasoline pipe, has not been removed, altered, or rendered inoperative.

STOCK #: 2200 / SALESPERSON: RON RUBEN / CUSTOMER #: N/A

Buyer Name: CARLETTA JEAN WEBB SS #: 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 DATE: 03/18/00
Co-Buyer Name: SS #:
WHAT BROUGHT CUSTOMER IN: 10990
Address: 7601 KNOX AVE SO #308 City: RICHFIELD State: MN Zip: 55423
Home Phone: (612)798-5795 Bus. Phone: 522-5200 Buyer DOB: 10/28/72 County: HENNEPIN
Buyer D.L. #: 24367514 PA DL# Co-Buyer D.L. #: Co-Buyer DOB:
Buyer's Insurance Co. STATE FARM INS Policy #: 57086 B23 23
LIEN HOLDER NAME: AMERICAN SUZUKI MOTOR CREDIT
Agent Name: MARV CONROY Phone #: (612)722-3409
LIEN HOLDER ADDRESS: FRANKLIN TN 37068-0030

PLEASE ENTER MY ORDER FOR: New ☐ XX Used ☐ Demo ☐ as follows:

| YEAR | MAKE | MODEL | BODY | TRANSMISSION | COLOR | INTERIOR |
|---|---|---|---|---|---|---|
| 1999 | SUZUKI | VITARA | GRAND JLX SE | AT | POLAR WHITE | CLOTH |

| SERIAL # | LIC. # | TAB EXP. DATE | STATE | MILEAGE | DELIVERED ON OR ABOUT |
|---|---|---|---|---|---|
| JS3TD62VXX4122267 | | 02/28/01 | MN | 18 | |

| | |
|---|---|
| MSRP BASE PRICE | |
| FREIGHT | |

EXHIBIT
tabbies
1

| | $ | |
|---|---|---|
| VEHICLE PRICE | $ 22829.00 | |
| DEALER INSTALLED OPTIONS | | N/A |
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| TOTAL PURCHASE PRICE | $ 22829.00 | |
| Trade-In or Discount (-) | 11834.00 | |
| TOTAL TAXABLE SALE | $ 10995.00 | |
| Sales Tax | 714.68 | |
| License Exp. Date ( ) | 256.00 | |
| License Fee | 18.00 | |
| Service Contract | 760.00 | |
| Document Administration Fee | 25 | 00 |
| | | |
| SUB-TOTAL | $ 12768.68 | |
| Cash Down Payment | 2468.48 | |
| | | |
| | | |
| Plus Pay-Off (+) | 6184.80 | |
| AMOUNT DUE ON DELIVERY | $ 16485.00 | |

All factory incentives (if applicable), assigned to dealer, reflected in discount or trade allowance.

Buyer Signature: [signature]

MAR 18 2000

## TRADE-IN DATA

Year: 1994 Make: CADILLAC Model: SEDAN DEVILLE
Serial Number: 1G6KD52B2RU309793 Title Number: K3120L090
Emissions Test Performed:
Lic. No. BKN 288 State: MN Expires: 07/31/00
Color: GREEN Body: 4DR Transmission: A
Mileage Now: 104013 Estimated Mileage @ Delivery:
Lien-holder Name: GMAC
DOES YOUR TRADE-IN HAVE A BRANDED TITLE OR INSURANCE SALVAGE HISTORY? YES ☐ NO ☒

**POLLUTION CONTROL SYSTEM DISCLOSURE (TRADE IN VEHICLE)**

In order to comply with Minnesota Statutes, Section 325E.0951, no person may transfer a motor vehicle without providing a written disclosure to the transferee (buyer) certifying the condition of the pollution control system.

Transferor (seller) hereby certifies, to the best of his/her knowledge, that the pollution control system on this vehicle, including the restricted gasoline pipe, has not been removed, altered, or rendered inoperative.

X [signature]
Transferor's (Seller's) Signature

**The front and back of this CONTRACT** comprise the entire CONTRACT affecting this purchase. the DEALER will not recognize any verbal agreement, or any other agreement or understanding of any nature. You certify that no credit has been extended by dealer for the purchase of this motor VEHICLE. You certify that you are 18 years of age or older, and acknowledge receiving a copy of this contract.

**The terms of this CONTRACT were agreed upon and the CONTRACT signed in this dealership on the date noted at the top of this form. If DEALER is arranging credit for YOU, this CONTRACT is not valid until a credit disclosure is made as described in Regulation Z and you have accepted the credit extended.**

NOTICE OF SALESPERSON'S LIMITED AUTHORITY. This contract is not valid unless signed and accepted by Sales Manager or Officer of Dealership.

Accepted X Buyer X [signature]

**IMPORTANT: I UNDERSTAND THAT THIS MAY BE A BINDING CONTRACT AND I MAY LOSE ANY DEPOSITS IF I DO NOT PERFORM ACCORDING TO ITS TERMS. MY SIGNATURE IS YOUR AUTHORIZATION TO OBTAIN A CREDIT REPORT.**

**DEALER'S DISCLAIMER OF WARRANTY**

The Dealer expressly disclaims all warranties, either expressed or implied on the vehicle sold, except warranties offered and explained in Paragraphs 10 through 13 on the back of this contract. Buyer acknowledges receiving this information before the sale and further acknowledges having read and understood the provisions on the back of this contract.

Buyer's Signature X [signature]

Date X 03/18/00

## ADDITIONAL TERMS AND CONDITIONS OF THIS VEHICLE PURCHASE CONTRACT

1. **Definitions:** As used in this CONTRACT, except provisions relating to the trade-in vehicle "YOU" or "YOUR" means the buyer and co-buyer "I", "ME", or "MY" means the seller or dealer. "VEHICLE" means the car, truck, or other VEHICLE described on the front of this CONTRACT including all the options listed. "Manufacturer" means the company which makes the VEHICLE. "Trade-in" means the car, truck, motorcycle or other vehicle which YOU trade to ME in partial payment for the VEHICLE.

2. **Purpose:** By signing the CONTRACT, YOU agree to buy the VEHICLE from ME. By accepting this CONTRACT, I agree to deliver the VEHICLE to YOU if the VEHICLE is in MY inventory. If the VEHICLE is not in MY inventory, I agree to order the VEHICLE from the manufacturer, and after receiving the VEHICLE from the manufacturer, to deliver the VEHICLE to YOU.

3. **Price Changes by the Manufacturer:** The VEHICLE price stated on the other side of this CONTRACT is based on the current prices the manufacturer charges ME. At any time before I receive the VEHICLE from the manufacturer, the manufacturer has the right to raise the price it charges to ME. If the manufacturer does raise the price, I may raise the price to YOU by the same amount. If I do raise MY price, YOU may cancel the CONTRACT and get back any downpayment YOU have made. If I have not already sold the Trade-In (See Paragraph 4), YOU may have the Trade-In back by paying ME the reasonable cost of storage and any repair work or reconditioning I may have done.

4. **Trade-In:** If YOU are using a Trade-In to partially pay for the VEHICLE, YOU may deliver the Trade-In to ME either when YOU sign this CONTRACT or when the VEHICLE is ready for YOU to pick up. If YOU do not deliver the Trade-In to ME when YOU sign this CONTRACT, YOU agree that at the time YOU deliver the Trade-In, I may reinspect the Trade-In and lower the allowance stated on the front of this CONTRACT. If I do lower the allowance, YOU may cancel this CONTRACT and get back your cash downpayment.

If YOU deliver the Trade-In when YOU sign this CONTRACT, I may sell the Trade-In at any time and at any price I think proper. If this CONTRACT is cancelled and I have already sold the Trade-In, I may reinspect the Trade-In and lower the allowance stated on the front of this CONTRACT. If I do lower the allowance, YOU may cancel this CONTRACT and get back your cash downpayment.

5. **Trade-in – YOUR Responsibilities:** At the time YOU deliver the Trade-in to ME, YOU guarantee that YOU own the Trade-In free and clear and agree to furnish proper proof of ownership, including the Certificate of Title or other evidence of ownership. If any outstanding security interests are attached to the Trade-in vehicle, YOU are obligated to satisfy the debt secured and to obtain a release of all liens. If I arrange payment of the debt, and the total amount is greater than the amount shown on this CONTRACT as the balance owing to lienholder, YOU agree to pay the difference to ME in cash immediately upon notice of the deficiency. If the debt is less than the amount shown, I will refund the surplus to YOU.

6. **YOUR Refusal to Take Delivery:** Unless this CONTRACT is non-binding because I am arranging credit for YOU, or unless YOU have cancelled this CONTRACT pursuant to paragraphs 3 or 4, I will retain the cash downpayment YOU have given ME as an offset to MY damages if YOU refuse to complete the purchase. YOU will also be responsible for any other damages which I may incur as a result of YOUR failure to perform YOUR obligations under the terms of this CONTRACT. If YOU have delivered the Trade-In to ME at the time YOU signed this CONTRACT, I may retain the Trade-In and sell it to reimburse MYSELF for the expenses of repairing, storing, or reconditioning the Trade-In and for other expenses or losses I may incur as a result of YOUR failure to perform YOUR obligations under this CONTRACT.

7. **Design Changes by the Manufacturer:** The manufacturer has the right to change the design of the VEHICLE, its chassis, its parts or accessories at any time without notice to YOU or to ME. In the event of a change in design, I have no duty to YOU except to deliver the VEHICLE as made by the manufacturer.

8. **Delays in Delivery:** I am not responsible for delays in delivery caused by the manufacturer, or by accidents, fires, or other causes beyond MY control. I do not control the manufacturer and am not part of the manufacturer and do not work for the manufacturer.

9. **Taxes:** The price of the VEHICLE does not include Federal Taxes, State Sales or Excise Taxes or any other tax or governmental fee. YOU must pay ME the proper amount of any tax or governmental fee which applies to this sale.

10. **New VEHICLE Disclaimer of Warranties:** If YOU are buying a new VEHICLE, the VEHICLE will come with a manufacturer's warranty which is a promise from the manufacturer directly to YOU. Unless otherwise agreed in a separate document (see Paragraph 12 below), I expressly disclaim all warranties, express or implied, including any implied warranty of merchantability or fitness for a particular purpose. I sell the VEHICLE "AS IS" and make no guarantees of any kind about the VEHICLE's quality or performance. YOU have complete responsibility and all the risk for any problems with the VEHICLE.

11. **Used VEHICLE Disclaimer of Warranties:** Except as may be provided in the Buyer's Guide Window Form and a separate warranty document (see Paragraph 12 below), if YOU are purchasing a used VEHICLE, I expressly disclaim all warranties, express or implied, including any implied warranty of merchantability or fitness for a particular purpose. I sell the VEHICLE "AS IS" and make no guarantees of any kind about the VEHICLE's quality or performance. YOU have complete responsibility and all the risk for any problems with the VEHICLE. I do not guarantee that the VEHICLE will pass an exhaust emissions inspection.

12. **Dealer Warranty or Service Contract:** If I give a warranty on a used VEHICLE or YOU purchase an extended service contract on a new or used VEHICLE, I may not disclaim implied warranties of merchantability or fitness for a particular purpose.

13. **Used VEHICLE Window Sticker Form:** If YOU are purchasing a used VEHICLE or a demonstrator, the information YOU see on the window form for this VEHICLE is part of this CONTRACT. Information on the window form overrides any contrary provisions in the CONTRACT of sale.

# MINNESOTA SIMPLE INTEREST VEHICLE RETAIL INSTALMENT CONTRACT

DATE

| Buyer (and Co-Buyer) Name and Address (Including County and Zip Code) | CREDITOR (Seller Name and Address) |
|---|---|
| CARLETTA JEAN WEBB<br>7601 KNOX AVE SO #308<br>RICHFIELD MN 55423 HENNEPIN | HAROLD CHEVROLET, INC.<br>1601 SOUTHTOWN DRIVE<br>BLOOMINGTON MN 55431 |

**You, the Buyer (and Co-Buyer, if any), may buy the vehicle described below for cash or on credit. The cash price is shown below as "Cash Price." The credit price is shown below as "Total Sale Price." By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract.**

| New/Used | Year and Make | Model | GVW if Truck (lbs.) | Vehicle Identification Number | Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 1999 SUZUKI | VITARA | | JS3TD62VXX4122267 | ☐ Personal ☐ Agricultural ☐ Commercial |

Trade-in 1994 CADILLAC (Year and Make) $ 11834.00 (Gross Allowance) $ 6184.80 (Amount Owing)

## ITEMIZATION OF AMOUNT FINANCED

1. Cash Price . . . $ 22829.00 (1)
2. Down Payment N/A
   - Rebates Assigned to Creditor . . . $ 2468.48
   - Cash Down Payment . . . $
   - Trade-in (description above) . . . $ 5649.20
   - Total Down Payment . . . $ 8117.68 (2)
3. Unpaid Balance of Cash Price (1 minus 2) . . . $ 14711.32 (3)
4. Amounts paid on your behalf (Seller may be retaining a portion of these amounts).
   - To Public Officials
     - (i) for license, title, & registration fees $ 274.00
     - (ii) for filing fees $ N/A
     - (iii) for taxes (not in Cash Price) $ 714.68 . . . $ 988.68
   - To Insurance Companies for:
     - *Credit Life Insurance . . . $ 413.21
     - Credit Disability Insurance . . . $ 1164.47
     - EXTENDED WARRANTY . . . $ 760.00
   - To ______ for ______ . . . $ N/A
   - To HAROLD CHEVROLET, for DOCUMENTARY FEE . . . $ 25.00
   - Total . . . $ 3351.36 (4)
5. Amount Financed (3 plus 4) . . . $ 18062.68 (5)

* DEALER MAY RETAIN A PORTION OF PROCEEDS

## INSURANCE

**YOU MAY OBTAIN VEHICLE INSURANCE FROM A PERSON OF YOUR CHOICE.**

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED.**

**CREDIT LIFE, CREDIT DISABILITY AND OTHER OPTIONAL INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT AND WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE PREMIUM.**

☒ Credit Life AMERICAN NATIONAL — Insurer
$ 413.21 Premium — CARLETTA JEAN WEBB Insured(s)
Signature(s)

☐ Credit ☒ Disability AMERICAN NATIONAL — Insurer
$ 1164.47 Premium — CARLETTA JEAN WEBB Insured
Signature

☐ Type of Insurance — Term
Insurer — $ N/A Premium
Signature

**Credit Life and Credit Disability Insurance are for the term of the contract. The amount and coverages are shown in a notice or agreement given to you today.**

**You are required to insure the vehicle. If a charge is shown below, the Creditor will try to buy the coverages checked for the term shown. Coverages will be based on the cash value of the vehicle at time of loss, but not more than the limits of the policy.**

- ☐ Comprehensive ☐ $______ Deductible Collision
- ☐ Fire-Theft-Combined Additional Coverage
- ☐ Towing and Labor
- ☐ Term ______ Months (Estimate)
- Premium $ ______

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate | The dollar amount the credit will cost you | The amount of credit provided to you or on your behalf | The amount you will have paid when you have made all scheduled payments | The total cost of your purchase on credit, including your downpayment of $ 8117.68 |
| 17.90 % | $ 9401.12 | $ 18062.68 | $ 27463.80 | $ 35581.48 |

| Payment Schedule | Number of Payments | Amount of Each Payment | When Payments are due |
|---|---|---|---|
| Your payment schedule will be: ☒ | 59 | $ 457.73 | monthly starting |
| ☐ | 1 final | $ 457.73 | APR 17 19XX00 |

**Prepayment:** If you pay off your debt early, you will not have to pay a penalty.
**Security Interest:** You are giving a security interest in the vehicle being purchased.
**Contract:** Please see this contract for additional information on security interest, nonpayment, default, the right to require repayment of your debt in full before the scheduled date, and prepayment penalty.

**COMMERCIAL OR AGRICULTURAL USE CONTRACTS: If you purchased the vehicle for commercial or agricultural use, you must pay a late charge on the portion of each payment received more than 10 days late of 7.5 percent of the late amount or $50.00, whichever is less.**

## NOTICE TO THE BUYER

**Do not sign this contract before you read it or if it contains any blank spaces. You are entitled to an exact copy of the contract you sign.**

**You acknowledge receipt of a true and completely filled in copy of this contract, signed by both yourself and the seller, at the time of signing.**

**IMPORTANT: THIS MAY BE A BINDING CONTRACT AND YOU MAY LOSE ANY DEPOSITS IF YOU DO NOT PERFORM ACCORDING TO ITS TERMS.**

Buyer Signs ______ (Co) Buyer Signs ______

**By signing below, the Seller accepts this contract. If no other Assignee is named in a separate assignment attached to this contract the Seller assigns it to American Suzuki Automotive Credit.**

Seller HAROLD CHEVROLET, INC. By ______ Title ______

QUESTIONS?

SUZUKI
American Suzuki Automotive Credit

PLEASE CALL US AT 1-800-823-9859

SEE BACK FOR ADDITIONAL AGREEMENTS

97-001

EXHIBIT 2

ASAC 17622-SI Mar 97 (Previous editions may NOT be used.)

SELLER'S COPY (NON-TRANSFERABLE)

ADDITIONAL AGREEMENTS

A. **Payments:** You must make all payments when they are due. You may prepay your debt at any time without penalty. This is a simple interest contract. The actual finance charge you agree to pay will depend on your payment patterns. The actual finance charge may exceed the disclosed Finance Charge if you make your payments later than the scheduled dates or in less than the scheduled amount. Your payment will be applied first to the earned and unpaid part of the Finance Charge and then to the unpaid Amount Financed. The Finance Charge is earned by applying the Annual Percentage Rate to the unpaid Amount Financed for the actual time that the unpaid Amount Financed is outstanding.

B. **Security Interest:** You give the Creditor a security interest in:

1. The vehicle and all parts or other goods put on the vehicle;
2. All money or goods received for the vehicle; and
3. All insurance premiums and service contracts financed for you.

This secures payment of all amounts you owe under this contract. It also secures your other agreements in this contract.

C. **Use of Vehicle - Warranties:** You must take care of the vehicle and obey all laws in using it. You may not sell or rent the vehicle, and you must keep it free from the claims of others. You will not use or permit the use of the vehicle outside of the United States, except for up to 30 days in Canada or Mexico, without the prior written consent of the Creditor. **If the vehicle is of a type normally used for personal use and the Creditor, or the vehicle's manufacturer, extends a written warranty or service contract covering the vehicle within 90 days from the date of this contract, you get implied warranties of merchantability and fitness for a particular purpose covering the vehicle. Otherwise, you understand and agree that there are no such implied warranties.**

D. **Insurance:** You must insure yourself and the Creditor against loss or damage to the vehicle. The type and amount of insurance must be approved by the Creditor. If the Creditor obtains a refund on insurance or service contracts, the Creditor will subtract the refund from what you owe. **Whether or not the vehicle is insured, you must pay for it if it is lost, damaged, or destroyed.**

If a charge for vehicle insurance is shown on the front, the Creditor will try to buy the coverages checked for the term shown. The Creditor is not liable, though, if he cannot do so. If these coverages cost more than the amount shown for insurance, the Creditor may buy them for a shorter term or he may give you credit for the amount shown. If he cannot buy any insurance, he will give you credit for the amount shown. The credit will be made to the last payments due.

E. **Late Payments:** You must pay any cost paid by the Creditor to collect any late payment, as allowed by law. Acceptance of a late payment does not excuse your default or mean that you can keep making payments after they are due. The Creditor may take the steps set forth if there is any default.

F. **Default:** You will be in default if:

1. You do not make a payment when it is due; or
2. You gave false or misleading information on your credit application relating to this contract; or
3. Your vehicle is seized by any local, state, or federal authority and is not promptly and unconditionally returned to you; or
4. You file a bankruptcy petition or one is filed against you; or
5. You do not keep any other promise in this contract.

If you default, the Creditor may require you to pay at once the unpaid Amount Financed, the earned and unpaid part of the Finance Charge and all other amounts due under this contract. He may repossess (take back) the vehicle, too. He may also take goods found in the vehicle when repossessed and hold them for you.

If the vehicle is taken back, he will send you a notice. The notice will say that you may redeem (buy back) the vehicle. It will also show the amount needed to redeem. You may redeem the vehicle up to the time the Creditor sells it or agrees to sell it. If you do not redeem the vehicle, it will be sold.

The money from the sale, less the allowed expenses, will be used to pay the amount still owed on this contract. Allowed expenses include those paid as a direct result of having to retake the vehicle, hold it, prepare it for sale, and sell it. You must also pay attorney fees not to exceed 15% of the amount due and payable under the contract, and court costs payable by Suzuki Credit to obtain, hold, and sell the vehicle, collect amounts due and enforce Holder's rights under the contract. If there is any money left (a surplus), it will be paid to you. If the money from the sale is not enough to pay off this contract and costs, you will pay what is still owed to the Creditor, if allowed by law. If you do not pay this amount when the Creditor asks, the Creditor may charge you interest at the highest lawful rate until you pay.

G. **General:** To contact American Suzuki Automotive Credit about this account, call 1-(800) 823-9859. Any change in this contract must be in writing and signed by you and the Creditor. The law of Minnesota applies to this contract. If that law does not allow all of the agreements in this contract, the ones that are not allowed will be void. The rest of this contract will still be good.

**FTC NOTICES**

**NOTICE — ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.***

**Used Motor Vehicle Buyers Guide.** If you are buying a used vehicle with this contract, federal regulations may require a special Buyers Guide to be displayed on the window of the vehicle. **THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

* **Does not apply if purchased for commercial or agricultural use. In that case, you (debtor) will not assert against any assignee or subsequent holder of this Contract any claims, defenses or set-offs which you may have against the Seller or manufacturer of the vehicle.**

**GUARANTY**

To cause the Seller to sell the vehicle described on the front of this contract to the Buyer, on credit, each person who signs below as a "Guarantor" guarantees the payment of this contract. This means that if the Buyer fails to pay any money that is owed on this contract, each one who signs as a guarantor will pay it when asked. Each person who signs below agrees that he will be liable for the whole amount owed even if one or more other persons also signs this Guaranty. He also agrees to be liable even if the Creditor does one or more of the following: (a) gives the Buyer more time to pay one or more payments, or (b) gives a release in full or in part to any of the other Guarantors, or (c) releases any security. Each Guarantor also states that he has received a completed copy of this contract and this Guaranty at the time of signing. Guarantor(s) must sign each page separately.

Guarantor ______________________ Address ______________________

Guarantor ______________________ Address ______________________

ASAC 17622-SI Mar 97 (Previous editions may NOT be used.)

## CONDITIONAL DELIVERY AGREEMENT

Dealer (I or ME) agrees to conditionally deliver the car or truck described below to the Buyer and/or Co-Buyer (YOU), subject to the terms of this agreement.

1999 (Year) SUZUKI (Make) VITARA (Model) JS3TD62VXX4122267 (VIN)

1. YOU understand and agree that the vehicle is being delivered to YOU conditionally subject to approval of retail installment sales financing.
2. If I am unable to obtain approval by a financial institution to accept assignment of a retail installment sales contract on terms of assignment acceptable to ME, I will notify YOU. If I so notify YOU, YOU agree to immediately return the car or truck to ME and to pay twenty-five cents per mile for all miles placed on the car or truck after delivery and pay ME for all damages to the vehicle beyond normal wear and tear. The vehicle sales transaction is then deemed canceled. I will return YOUR trade-in vehicle to YOU along with any deposits that YOU have paid less amounts due ME for mileage or damage under this agreement.
3. If I am successful in obtaining approval by a financial institution to accept assignment of a retail installment sales contract, I will notify YOU. If I so notify YOU, YOU agree to return to the dealership within three (3) business days. At that time I will present YOU with a final retail installment sales contract for YOUR approval and signature.

   If YOU elect not to sign the retail installment sales contract as presented, YOU will immediately return the car or truck to ME and to pay twenty-five cents per mile for all miles placed on the car or truck after delivery and pay ME for all damages to the vehicle beyond normal wear and tear. The vehicle sales transaction is then deemed canceled. I will return YOUR trade-in vehicle to YOU along with any deposits that YOU have paid less amounts due ME for mileage or damage under this agreement.
4. YOU understand that the I, the dealer, am the owner of the car or truck during the term of this agreement. YOU may use the vehicle under the terms of this agreement pending approval of financing.
5. IF YOU do not comply with this agreement, I may immediately take possession of the car or truck without notice to YOU. I may also exercise other remedies provided by law or contract.
6. This agreement will automatically lapse when WE sign a retail installment sales contract.

**Important: This agreement should not be used if WE have already signed a retail installment sales contract.**

YOU have read and understand this agreement and acknowledge receiving a copy of it.

Buyer's Signature — Date 03/18/2000 — Authorized Signature for Dealer

Co-Buyer's Signature — Date — Title: Fin Mgr

## CHECK PLEDGE AND NOTE

YOU, the undersigned Buyer and/or Co-Buyer delivered a check to ME, the Dealer, in the amount of $ 2468.48 in full or partial payment for the car or truck described below. I agree to accept the check subject to the terms of this agreement.

1999 (Year) SUZUKI (Make) VITARA (Model) JS3TD62VXX4122267 (VIN)

1. YOU agree and warrant that the check will be paid according to its terms and not dishonored for any reason.
2. If I am unable to negotiate the check for any reason, YOU promise to pay the full amount immediately at my offices in cash or by other secure funds acceptable to ME.
3. If YOU do not make immediate payment in full, any outstanding amount shall bear interest at the rate of 8% Annual Percentage Rate from the date signed below. No extension of payment shall release the Buyer or Co-Buyer signing below. All expenses of collection, including reasonable attorney's shall also be due.
4. YOU grant ME a security interest in the car truck to secure your full and faithful performance of this agreement.
5. If YOU do not make immediate payment in full after dishonor as provided above, I may immediately repossess the car or truck without notice to YOU and sell or lease it as provided by law. I may also exercise other remedies provided by law or contract.

YOU have read and understand this agreement and acknowledge receiving a copy of it.

Buyer's Signature — Date 03/18/2000 — Authorized Signature for Dealer

Co-Buyer's Signature — Date — Title: Fin Mgr

## CREDIT REPORTING DISCLOSURE

In compliance with the Federal Fair Credit Reporting Act, WE are providing YOU the following information and request that YOU acknowledge by signing below YOUR Credit Application to finance YOUR vehicle purchase is being submitted for consideration to one or more of the following financial institutions.

| NAME OF FINANCIAL INSTITUTION: | ADDRESS: |
|---|---|
| AMER. SUZUKI | |
| GMAC | |
| AMERICREDIT | |
| COMMUNITY CREDIT | |
| ARCADIA | |
| UNITED CREDIT SERVICES | |

Buyer's Signature — 03/18/2000 — Co-Buyer's Signature

## PAYOFF AGREEMENT

The payoff amount of $ 6184.80 on YOUR 1994 (Year) CADILLAC (Make) SEDAN DEVI (Model) 1G6KD52B2RU309793 (VIN) traded to US as an estimated payoff. If the payoff figure is underestimated, YOU agree to pay the increased payoff difference in cash. If overestimated, I agree to credit the difference to YOU.

Buyer's Signature — 03/18/2000 — Authorized Signature for Dealer

Co-Buyer's Signature — Date — Title: Fin mgr

## REQUEST TO SECURITY HOLDER
## TO RELEASE SECURITY INTEREST AND FORWARD CERTIFICATE OF TITLE OR SECURITY RELEASE

TO: GMAC (Secured Party) — Address

City, State, Zip

You are hereby authorized and directed upon receipt of this order and attached check in the amount of $ 6184.80 to cancel the Security Interest against this motor vehicle:

1994 (Year) CADILLAC (Make) SEDAN DEVILL (Model) 1G6KD52B2RU309793 (VIN)

Said security interest having been noted on Certificate of Title No. ___ Please record the Cancellation of the Security Interest on the Certificate of Title or Lien Release Card as appropriate and forward the document to 631201090 as dealer purchaser of the vehicle.

HAROLD CHEVROLET INC. (Dealership Name) — 1601 SOUTHTOWN DRIVE (Address)

BLOOMINGTON MN 55431 (City, State, Zip) — Authorized Signature for Dealer — 03/18/2000

The undersigned title owner(s) agree to the foregoing and warrants that the vehicle has no undisclosed owners or liens.

Owner's Signature — 03/18/2000 — Co-Owner's Signature

© 1999 MADA Services, Inc. MADA-70888 (10/99)

EXHIBIT 3

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500